# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-039-KDB-DCK

| | |
|---|---|
| **MIKE BENDFELDT and** <br> **BETTY MUHR-BENDFELDT,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **WINDOW WORLD, INC. and** <br> **ASSOCIATED MATERIALS, LLC,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To File Documents Under Seal" (Document No. 105) filed February 28, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion without prejudice.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
>> **(1)** A non-confidential description of the material sought to be sealed;
>> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1.

It does not appear that Plaintiffs have fully complied with the Local Rules or the requirements of the "Consent Protective Order." In particular, Plaintiffs' motion does not indicate consultation with opposing counsel or the position of the opposing party. See Local Rule 7.1(b) and (Document No. 91, p. 8, ¶ 14(e)). Moreover, Plaintiffs do not cite any supporting statutes, case law or other authority. See Local Rule 6.1(c)(4) and (Document No. 91, p. 8, ¶ 14(d)).

Plaintiffs state that "[c]opies of the unredacted documents are being filed with this Motion for review by the Court," however, there do not appear to be any such documents included with the pending motion. (Document No. 105, p. 1).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion To File Documents Under Seal" (Document No. 105) is **DENIED WITHOUT PREJUDICE**.

Signed: March 3, 2020

David C. Keesler
United States Magistrate Judge